**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4194-19

KIM DELISA, n/k/a
KIM VALISH,

     Plaintiff-Appellant,

v.

GINO A. DELISA,

     Defendant-Respondent.

_____

Submitted October 28, 2021 – Decided November 18, 2021

Before Judges Mawla and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-1582-08.

Kim Valish, appellant pro se.

Law Office of McGoughran & Sanvenero, attorneys for respondent (Timothy F. McGoughran and Sabrina L. Blasi, on the brief).

PER CURIAM

In this post-judgment matter, plaintiff Kim Valish appeals from a June 19, 2020 order denying her motion for reconsideration of an April 28, 2020 order. The April order rejected plaintiff's motion to enforce litigant's rights by compelling defendant, Gino Delisa, to pay her/plaintiff $35,000 under a provision in the parties' Property Settlement Agreement (PSA). We affirm.

We discern the following facts from the record. The parties were married on July 15, 1995 and divorced on January 20, 2009. The parties executed a PSA on October 24, 2008, which was incorporated into a final judgment of divorce.

Paragraph twenty-four of the PSA required plaintiff to "transfer to [defendant] all of her right, title[,] and interest [. . .] in and to the marital home" within thirty days of signing the agreement. "Said transfer shall [be] by [q]uitclaim [d]eed from [defendant] to [plaintiff] accompanied by [an] [a]ffidavit of [t]itle." Paragraph twenty-five of the PSA provided that "[a]s additional consideration for the transfer of her interest in the marital home to [defendant], [defendant] agrees to pay to [plaintiff] $35,000[] within five . . . years of [plaintiff's] transfer of her interest in the marital home to him."

It is undisputed that the transfer of title never occurred. Defendant never provided plaintiff with a quitclaim deed conveying her interest in the home, nor did plaintiff herself present defendant with a signed quitclaim deed. Regardless

A-4194-19

of the reason, the condition precedent for the payment of the $35,000 was not satisfied.

By 2012, four years after the parties signed the PSA, no quitclaim deed had been signed. That year, both parties filed for bankruptcy. Additionally, because defendant failed to pay the mortgage on the marital home, the property was foreclosed upon in March 2017.

On September 3, 2015, plaintiff's then attorney sent defendant a letter seeking the $35,000 payment.

> Please be advised that I have been retained by [plaintiff] . . . . She has asked me to take steps to set up a QDRO [qualified domestic relations order] with regard to the annuity as set forth in your [PSA]. . . .
>
> In addition . . . the [PSA] provides that within five years of [plaintiff's] transfer of the marital premises [defendant] shall pay the sum of $35,000[] to [plaintiff].
>
> It is my understanding that the property has been transferred quite some time ago.[1] Please advise as to when and how this payment will be made. If it is not made, further legal action may be taken to enforce the agreement contained in the [j]udgment of [d]ivorce.

---

[1] Indisputably, the attorney's understanding was mistaken as the transfer had not taken place.

A-4194-19

Although the attorney resolved the QDRO issue, he took no further action to enforce paragraph twenty-five of the PSA.

Over four years later, on January 29, 2020, plaintiff emailed defendant inquiring for a "final time" about the $35,000 payment. She stated, "I would like to resolve this issue with you amicably and I am willing to settle at $30,000. In the unfortunate event you are unwilling to accept my offer, please understand that I will have no other choice but to file a motion and hire an attorney." Plaintiff further stated, "I was never provided a [q]uitclaim [d]eed from you, removing me from the title of our home." Defendant rejected the demand and the settlement offer.

On February 26, 2020, plaintiff filed the motion to enforce litigant's rights and sought counsel fees and costs.[2]

The matter was first argued on April 24, 2020, but the proceedings were not recorded due to a technical malfunction. That same day, the court issued a tentative decision and accompanying order, indicating his initial inclination was

_____

[2] On April 8, 2020, defendant filed a cross-motion seeking, among other things, retroactive termination of child support if plaintiff's motion was granted, as well as an award of counsel fees. As defendant has not appealed the denial of his cross-motion, the issues raised therein are not before us and will not be addressed.

A-4194-19

to grant plaintiff's motion. The tentative decision that instructed unless the parties renewed their requests for oral argument, oral argument would be deemed waived unless defendant renewed his request. Pursuant to defendant's request, oral argument was rescheduled, and the matter was argued on April 27, 2020.

On April 28, 2020, the court revised its order and denied plaintiff's motion. In the court's accompanying statement of reasons, the court found:

> [T]he [d]octrine of [l]aches overrules and bars [plaintiff's] application. [Plaintiff] admits to never having removed herself from the deed of the former marital home because she was never provided with a [q]uitclaim [d]eed; however, [plaintiff] also does not explain why she never attempted to execute a [q]uitclaim [d]eed herself. [Plaintiff] consistently argues that [defendant] failed to provide her with a [q]uitclaim deed for her to sign, but nothing was barring [plaintiff from] with producing a [q]uitclaim [d]eed herself, for [defendant] to sign. Again, the PSA was signed twelve . . . years ago. The [c]ourt does not consider a reasonable time to be twelve . . . years. In this instance, the [c]ourt finds that waiting for twelve . . . years to seek reimbursement is an extremely unreasonable amount of time. [Plaintiff] is barred from bringing her equitable distribution claim twelve . . . years later after severe inactions by both parties.

On May 13, 2020, plaintiff filed a motion for reconsideration. She argued the trial court erred in its determination she waited twelve years to assert her

A-4194-19

claim because defendant's obligation to pay did not begin until five years from the entry of the judgment of divorce.

On June 19, 2020, after hearing arguments, the court reaffirmed its prior ruling, noting plaintiff failed to demonstrate any error by the court. The court reasoned that it properly relied on the filed documents, and the prior decision was neither "palpably incorrect" nor "failed to appreciate the significance of probative, competent evidence." The court specifically stated:

> not find that [plaintiff] has proven that she raised this issue with repeated attempts, despite having numerous opportunities to do so . . . . The find that there has been a change in condition during the six . . . or more years [plaintiff] waited to file that has made it inequitable. [Plaintiff] argues she attempted to resolve the matter and only had the last [six] years to seek the equitable distribution from [defendant]. The [c]ourt does not find that [plaintiff] acted within a reasonable amount of time to file a [n]otice of [m]otion.

This appeal ensued.

On appeal, plaintiff raises the following argument for our consideration:

POINT I

THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF HER EQUITABLE DISTRIBUTION BY STATING [TWELVE] YEARS IS TOO LONG AND THE DOCTRINE OF LACHES APPLIES AFTER STATING OTHERWISE IN [ITS] TENTATIVE [DECISION].

6

Plaintiff appeals only the order denying consideration. This court defers to a trial judge when reviewing an order denying reconsideration. "Motions for reconsideration are governed by Rule 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). A court should not grant reconsideration "merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion[.]" Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Rather, reconsideration should be granted only in two narrow circumstances where: "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). Therefore, "[w]e will not disturb the trial court's reconsideration decision 'unless it represents a clear abuse of discretion.'" Kornbleuth v. Westover, 241 N.J. 289, 301 (2020) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

The equitable doctrine of laches applies to divorce proceedings. Schlemm v. Schlemm, 31 N.J. 557, 572 (1960) (citing Judkins v. Judkins, 22 N.J. Super.

516, 537 (App. Div. 1952)).  The doctrine is properly "invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party." Knorr v. Smeal, 178 N.J. 169, 180-81 (2003) (citing In re Kietur, 332 N.J. Super. 18, 28 (App. Div. 2000)).  "The key factors to be considered in deciding whether to apply the doctrine are the length of delay, the reasons for delay, and the 'changing conditions of either or both parties during the delay.'"  Id. at 181 (quoting Lavin v. Bd. of Educ., 90 N.J. 145, 152 (1982)).  "More broadly, '[w]hether laches should be applied depends on the facts of the particular case and is a matter within the sound discretion of the trial court.'"  Mancini v. Twp. of Teaneck, 179 N.J. 425, 436 (2004) (alteration in original) (quoting Garrett v. Gen. Motors Corp., 844 F.2d 559, 562 (8th Cir. 1988)).

"[L]aches involves more than mere delay, mere lapse of time.  There must be a delay for a length of time which, unexplained and unexcused, is unreasonable under the circumstances and has been prejudicial to the other party."  W. Jersey Title & Guar. Co. v. Indus. Tr. Co., 27 N.J. 144, 153 (1958).  The time constraints for laches "are not fixed but are characteristically flexible." Lavin, 90 N.J. at 151.

With these guiding principles in mind, we conclude there is no merit to plaintiff's argument that the trial court erred in barring her claim based on the doctrine of laches. The PSA in 2008 required defendant to pay $35,000 within five years of the transfer of her interest in the home, not within five years of divorce. The record amply supports the trial court's rejection of her explanation that she never conveyed her interest because defendant never presented her with a quitclaim deed. As the trial court noted, plaintiff never took any meaningful steps to transfer ownership in the intervening twelve years, during which the parties divorced, lost their business, filed for bankruptcy, and had their property foreclosed.

Even assuming plaintiff could have belatedly transferred her interest, she should have done so in 2015 when the home had not yet been subject to foreclosure, and she was represented by counsel regarding the QDRO and the $35,000 payment. For unknown reasons, she forewent this opportunity and took no further action for four more years. Now, as the judge noted, it is too late. After the 2017 foreclosure, plaintiff has no interest to transfer. Accordingly, her right to the payment can never accrue.

We also reject plaintiff's challenge to the court's denial of her application for attorney's fees. Counsel fee determinations rest within the trial judge's sound

A-4194-19

discretion.  <u>Williams v. Williams</u>, 59 N.J. 229, 233 (1971).  We will disturb a trial court's determination on counsel fees "only on the rarest occasions, and then only because of a clear abuse of discretion."  <u>Rendine v. Pantzer</u>, 141 N.J. 292, 317 (1995).  Here, we discern no abuse of discretion.  In denying plaintiff's request for attorney's fees, the judge properly cited three factors:  the parties' financial circumstances, the parties' ability to pay their own fees or to contribute to the fees of the other party, and the results obtained.  <u>See</u> <u>R.</u> 5:3-5(c).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION